IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BERNEST MONTGOMERY,
    Plaintiff,

vs.                                           Case No.:  5:14cv91/RV/EMT

KENDAL MAY
and ZACHARY DRAVES,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This prisoner civil rights case, filed under 42 U.S.C. § 1983, is before the court upon Defendants' motion to dismiss Plaintiff's request for compensatory and punitive damages (ECF No. 32). Plaintiff opposes the motion (ECF No. 46).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); and Fed. R. Civ. P. 72(b). Upon consideration, for the reasons given below, the court recommends that Defendants' motion to dismiss be denied.

I.    BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, an inmate currently housed at Wakulla Correctional Institution, names two Defendants in this case, Kendal May and Zachary Draves, both of whom were correctional officers at the Northwest Florida Reception Center at the time of the events giving rise to this action (ECF No. 20 at 5). Plaintiff alleges that on January 19, 2012, Defendant May was in the process of escorting him back to his cell from an institutional call-out, when May took him to the lieutenant's office, an area outside the range of video surveillance cameras, and struck him in the face, knocked him to the floor, and kicked him in his right ribs (*id.* at 5, 7). Plaintiff alleges he was handcuffed at the time and "was not combative in any way" (*id.*). He alleges the assault was unjustified and

unprovoked (*id.* at 7). Plaintiff alleges he saw Defendant Draves standing outside the door of the lieutenant's office, blocking the ability to see inside the office and acting as a "look out" for Defendant May (*id.* at 5–7). Plaintiff alleges he received medical treatment for injuries he received as a result of the assault, and that he suffers long-term psychological disabilities (*id.* at 5–6). Plaintiff claims that Defendants' conduct constituted excessive force, in violation of the Eighth Amendment (*id.* at 6–7). As relief, he seeks "relief deemed just and appropriate including but not limited to compensation, treatment for injury, plus punitive damages set at the amount of at [sic] trial" (*id.* at 7).

Defendants move to dismiss Plaintiff's request for compensatory and punitive damages under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff's allegations fail to demonstrate more than de minimis injury and require dismissal of his requests, pursuant to 42 U.S.C. § 1997e(e) (ECF No. 32). Defendants argue that in two court orders previously issued in this case, the court advised Plaintiff that his factual allegations failed to pass the de minimis threshold of § 1997e(e), and ordered Plaintiff to file an amended complaint (*id.* at 1–2). Defendant alleges that Plaintiff's Third Amended Complaint makes no more specific assertions of injury than his prior complaints, thus "logic would seem to require that the current allegations do not state a more than de minimis injury either." (*id.*).

Plaintiff responds that considering the allegations of his initial and amended complaints, he has pled facts that allege specific physical and mental injuries he suffered at the hands of Defendants (ECF No. 46 at 1, 5). He asserts that his medical records document his injuries, including photographs, and that he has sought to obtain copies of his own medical records, but the medical department at his current institution advised him that his records for the relevant time period are "unavailable" (*id.* at 2–3). Plaintiff states that Defendants "confronted" him with photographs of his injuries and thus have access to his medical records, even though Defendants did not serve him any discovery requests for copies of his medical records, nor did Defendants request that he sign a release authorizing release of his medical records (*id.* at 2). Plaintiff states he intends to seek the court's assistance in obtaining his medical records (*id.* at 3). He contends that dismissal of his requests for compensatory and punitive damages without reviewing his medical records, which he has been thwarted in obtaining, would be premature (*id.* at 3–4, 6).

II.     DISCUSSION

A complaint, or any claim therein, is subject to dismissal under Rule 12(b)(6) when the allegations, on their face, show that an affirmative defense bars recovery on the claim. *See* Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1022 (11th Cir. 2001). Additionally, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006).

Section 1997e(e), which is an affirmative defense, provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or commission of a sexual act . . . ." 42 U.S.C. § 1997e(e); *see* Douglas v. Yates, 535 F.3d 1316, 1320–21 (11th Cir. 2008) (holding that § 1997e(e) is an affirmative defense and not a jurisdictional limitation). Section 1997e(e) is "[r]ead as a limitation on a damages remedy only[.]" Harris v. Garner, 190 F.3d 1279, 1288 (11th Cir.) (finding that the Constitution does not "mandate[ ] a tort damages remedy for every claimed constitutional violation"), *vacated*, 197 F.3d 1059 (11th Cir. 1999), *reinstated in relevant part*, 216 F.3d 970, 972, 985 (11th Cir. 2000). Section 1997e(e) precludes the recovery of compensatory and punitive damages without a prior showing of physical injury. *See* Al-Amin v. Smith, 637 F.3d 1192, 1197–98 (11th Cir. 2011). This physical injury must be greater than de minimis. *See* Harris, 190 F.3d at 1286–87.

The instant action, brought by Plaintiff under 42 U.S.C. § 1983, is a federal civil action under § 1997e(e). *See* Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2002) ("[T]he phrase 'Federal civil action' means all federal claims, including constitutional claims."). Plaintiff was a prisoner at the time he filed this action and complains of harm that occurred while in custody. Plaintiff's claims for damages are based on the alleged injuries he suffered as a result of the alleged unconstitutional conduct and/or the fact of the alleged unconstitutional conduct itself, divorced from any mental or emotional injury Plaintiff suffered. Plaintiff's alleged injuries include a cut above his left elbow, soreness and swelling to his elbow, and a bump and soreness on his face, for which he received medical attention and documentation of his injuries, including photographs (*see* ECF No. 1, Exs. A, B).

Defendants' purpose in asking this court to decide at this early stage of the litigation whether § 1997e(e) bars Plaintiff's claims for compensatory and punitive damages is unclear, as that would not end the litigation or change the landscape of this case. Nominal damages would still be recoverable. *See* Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007) (holding that § 1997e(e) does not bar the recovery of nominal damages), *abrogated on other grounds by* Sossamon v. Texas, 563 U.S. 277, 131 S. Ct. 1651, 1657 n.3 (2011); *see also* Logan v. Hall, 604 F. App'x 838, 840, 2015 WL 1262152 (11th Cir. 2015) (unpublished but recognized for persuasive authority) ("While a pro se plaintiff may not have requested nominal damages specifically in his complaint, in light of the liberal construction afforded pro se pleadings, a district court should consider whether such damages are recoverable before dismissing a complaint.") (citing Hughes v. Lott, 350 F.3d 1157, 1162–63 (11th Cir. 2003), and Fed. R. Civ. P. 54(c) (providing that with the exception of default judgments, "[e]very other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleading")). Plaintiff's Third Amended Complaint, which requests "relief deemed just and appropriate including but not limited to compensation, treatment for injury, plus punitive damages," may be liberally construed as seeking nominal damages (ECF No. 20 at 7).

Upon now being required to decide the issue, the undersigned concludes that Plaintiff's allegations are sufficient to raise a reasonable inference that he suffered more than a de minimis physical injury, which is all that is required at this early stage of the litigation. Further factual development is needed to determine whether Plaintiff's injuries were more than de minimis, and even with the benefit of such development, a jury question may appear.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Defendants' motion to dismiss (ECF No. 32) be **DENIED**.

2. That Defendants be ordered to file an answer to the Third Amended Complaint (ECF No. 20) within a time certain.

At Pensacola, Florida, this 21st day of October 2015.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**